JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Joyce Trotman

### DEFENDANTS
Temple Health Fox Chase Cancer Center

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Malamut & Associates, LLC, 457 Haddonfield Rd #500, Cherry Hill, NJ 08002 (856) 424-1808

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | |
| | | | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
American with Disabilities Act
Brief description of cause:
Employment discrimination and retaliation

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| November 14, 2024 | /s/ Mark R. Natale |

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __1971 Elston Street, Philadelphia, PA 19138__

Address of Defendant: __333 Cottman Avenue, Philadelphia, PA 19111__

Place of Accident, Incident or Transaction: __Temple Health Fox Chase Cancer Center__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __11/14/2024__  _____  __316939__
          Attorney-at-Law / Pro Se Plaintiff          Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☑ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Mark R. Natale__, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __11/14/2024__   __/s/ Mark R. Natale__   __316939__
          Attorney-at-Law / Pro Se Plaintiff          Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOYCE TROTMAN | : | |
| 1971 Elston St, | : | Civil Action |
| Philadelphia, PA 19138 | : | No. |
| Plaintiff | : | |
| | : | |
| v. | : | |
| TEMPLE HEALTH | : | |
| FOX CHASE CANCER CENTER | : | |
| 333 Cottman Ave, | : | JURY TRIAL DEMANDED |
| Philadelphia, PA 19111 | : | |
| Defendant | : | |

## COMPLAINT

1. This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, JOYCE TROTMAN. Plaintiff was an employee of Defendants, TEMPLE HEALTH FOX CHASE CANCER CENTER, (TEMPLE HEALTH), who has been harmed by the Defendants' discriminatory employment practices.

2. This action arises under the Family Medical Leave Act, Pub. L. 114–74 at sec. 701. (FMLA).

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. § 1391 as Plaintiff's claims are substantively based on the Family Medical Leave Act.

4. The Eastern District of Pennsylvania has general jurisdiction over the Defendants, and specific jurisdiction over this matter as the events giving rise to Plaintiff's claims occurred in the Eastern District.

## PARTIES

5. The Plaintiff herein is JOYCE TROTMAN, former employee of the Defendant.

1

6. The Defendant herein is TEMPLE HEALTH. At all times relevant hereto, Defendant was acting through their agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of Defendants. At all times material herein, Defendant is an "employer" as defined under the Family Medical Leave Act.

## UNDERLYING FACTS

7. On or about May 31, 2022, Defendant hired Plaintiff as a Triage Dispatcher at its Fox Chase Cancer Center in Philadelphia, PA.

8. At all relevant times material hereto, Plaintiff was an eligible employee as defined by the Family Medical Leave Act (FMLA)..

9. Prior to Plaintiff being hired by Defendant, Plaintiff was diagnosed with breast cancer.

10. Plaintiff was entitled to leave under the FMLA.

11. In or around June 2023, Plaintiff's doctor, Dr. Sameer Patel of Temple Health, notified Plaintiff was required to have reconstructive surgery due to complications with her breast cancer.

12. Plaintiff's medical care provider for her cancer was Temple Health, the very place she worked at.

13. In or around June 2023, Plaintiff informed her supervisor Rose DeRentz, Supervisor, of the need for reconstructive surgery that was to be performed in July 2023.

14. On July 26, 2023, Plaintiff was under the impression that her surgery would be rescheduled to the following week.

15. Plaintiff requested FMLA leave from July 27, 2023 to August 23, 2023 due to her surgery, through a portal run by Matrix Absence Management, Inc. a third-party company that processes FMLA leave requests on behalf of Defendant, TEMPLE HEALTH.

16.     On July 16, 2023, Defendant suspended Plaintiff for one day without pay.

17.     In or about July 2023, Deborah Rizzo, Administrative Assistant, informed Plaintiff that her FMLA paperwork was properly submitted.  Dr. Melissa McShane, Plaintiff's FMLA leave was approved by.

18.     Plaintiff's FMLA leave was to begin on July 24, 2023, and end on August 24, 2023.

19.     In August 2023, Matrix Absence Management, Inc. informed me that it had not received my paperwork from my doctor, despite the fact that Dr. McShane faxed it several times.

20.     Plaintiff was diligently working with Dr. Patel, Defendant's employee, to schedule a date for surgery.  On August 15, 2023, his office informed Plaintiff that her scheduled date for surgery would be October 24, 2023.

21.     On August 15, 2023, after Plaintiff knew the scheduled date of surgery, Plaintiff contacted her supervisor Rose DeRentz.

22.     On August 21, 2023, Plaintiff underwent a mammogram at Temple Health for examination of her breast cancer.

23.     That day, Plaintiff asked to return to work.  Ms. DeRentz informed Plaintiff that she would have to check with the Human Resources Department before she could schedule Plaintiff's return date.

24.     On August 23, 2023, Ms. DeRentz called Plaintiff on the phone and informed her that Defendant was terminating Plaintiff's employment.

25.     Defendant accused Plaintiff of misrepresenting her requested leave time.

26.     On the same day, Defendant's oncologist, Dr. McShane, called Plaintiff to tell her that the mammogram results were abnormal, and required a biopsy to examine if the abnormality is benign (not cancer).

3

27. Dr. Mc Shane informed Plaintiff that she needed to visit her office immediately.

28. Defendant terminated Plaintiff's employment on August 23, 2023, one day before was scheduled to return from leave.

## COUNT ONE

### DENIAL OF LEAVE AND RETALIATION UNDER THE FAMILY MEDICAL LEAVE ACT

29. Plaintiff repeats and re-alleges the allegations set forth in all previous paragraphs of this Complaint as if they were set forth in full herein.

30. At all times material hereto, Plaintiff was an eligible employee under the FMLA.

31. At all times material hereto, Defendant was an eligible employer under the FMLA, engaged in commerce or in any industry or activity affecting commerce, and employed 50 or more employees in the current or preceding calendar year.

32. Under the FMLA, as a general rule, Plaintiff was entitled to a total of 12 work weeks of leave during any 12-month period ) cause of a serious health condition that makes the employee unable to perform the functions of the employee's job (*see* §§ 825.113 and 825.123);

33. FMLA is intended to allow employees to balance their work and family life by taking reasonable unpaid leave for medical reasons.  29 C.F.R. §825.101.

34. Plaintiff has a serious health condition entitling Plaintiff to FMLA leave defined as an illness, injury, impairment or physical or mental condition that involves inpatient care as defined in § 825.114 or **continuing treatment** by a health care provider as defined in § 825.115.  29 C.F.R. §825.113(a).

35. Ironically, Defendant is a Cancer Treatment Facility and Plaintiff was treated by doctors employed Defendant.

4

36. The FMLA states that the term treatment includes (but is not limited to) examinations to determine if a serious health condition exists and evaluations of the condition. 29 C.F.R. §825.113(c).

37. Plaintiff requested and was entitled to FMLA leave for her condition because of her serious condition and reoccurring cancer diagnosis.

38. She was undergoing treatment evaluations for her serious condition when Defendant terminated her employment.

39. Defendant denied her FMLA leave as required by the Act.

40. Defendant interfered with Plaintiff's FMLA rights and retaliated against Plaintiff for exercising her rights under the FMLA, including wrongfully terminating her employment.

41. As a result of Defendant's conduct, Plaintiff has also suffered economic loss and emotional distress due to Defendant's violation of her rights under the FMLA.

42. Lastly, the intentional and malicious actions of Defendant, including its upper-level managers, justify the imposition of punitive damages.

   **WHEREFORE**, Plaintiff demands judgment against Defendant **TEMPLE HEALTH, FOX CHASE CANCER CENTER**, for damages, including but not limited to back and front wages, employment benefits, and all monetary losses sustained as a direct result of the violations; liquidated damages; interest; equitable relief; injunctive relief; reinstatement; attorneys' fees; costs of suit; experts' fees; punitive damages; any and all relief provided for by the Family and Medical Leave Act; and any and all relief that the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court enter judgment in his favor against the Defendants, and order that:

A. Defendants compensate Plaintiff with back pay, at a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination based on her disability and had granted her Family Medical Leave Act leave.

B. Defendants compensate Plaintiff with an award of front pay, if appropriate.

C. Defendants pay to Plaintiff punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable.

D. Defendants pay to Plaintiff pre and post judgment interest, the costs of suit and attorney and expert witness fees as allowed by law.

E. Defendants shall eliminate all unlawful discriminatory practices as well as remedy the discriminatory effect of past practices and procedures.

F. The Court shall award such other relief as if deemed just and proper, in law and/or equity, including injunctive relief if the Honorable Court deems said relief appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

        **MALAMUT & ASSOCIATES, LLC**

        By. /s/ *Mark R. Natale*
        Mark R. Natale - 316939
        457 Haddonfield Road, Suite 500
        Cherry Hill, NJ 08002
        856-424-1808
        856-424-2032 (f)
        mnatale@malamutlaw.com
        *Attorneys for Plaintiff*